# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| **DEANDRE BASKERVILLE,** | ) | **CASE NO. 5:18CV2277** |
| | ) | |
| **Petitioner,** | ) | |
| | ) | **JUDGE JOHN R. ADAMS** |
| **v.** | ) | |
| | ) | **MAGISTRATE JUDGE** |
| **WARDEN, ED SHELDON,** | ) | **JONATHAN D. GREENBERG** |
| | ) | |
| | ) | **ORDER** |
| **Respondent.** | ) | **(Doc. Nos. 9, 10, 13, 15, 17, 18)** |

This matter is before the magistrate judge pursuant to Local Rule 72.2. Before the Court is the Petition of Deandre Baskerville ("Baskerville" or "Petitioner"), for a Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254. Baskerville is in the custody of the Ohio Department of Rehabilitation and Correction pursuant to journal entry of sentence in the case of *State v. Baskerville*, Summit County Court of Common Pleas Case No. 2015 -10-3270. Currently pending are Baskerville's (1) Motion for Appointment of Counsel (Doc. No. 9); (2) Motion for Stay and Abeyance (Doc. No. 10); (3) Motion to Renew Stay and Abeyance (Doc. No. 18); (4) Motions to Amend Petition (Doc. Nos. 13, 15); and (5) Motion to Renew Motion to Amend Petition (Doc. No. 17).

For the following reasons, Baskerville's Motions to Amend (Doc. Nos. 13, 15) are GRANTED as set forth below. His Motions for Appointment of Counsel (Doc. No. 9) and Stay and Abeyance (Doc. No. 10) are DENIED, and his Motions to "renew" his motions to amend and for stay and abeyance (Doc. Nos. 17, 18) are DENIED AS MOOT.

# I. Summary of Facts

In a habeas corpus proceeding instituted by a person in custody pursuant to the judgment of a state court, factual determinations made by state courts are presumed correct unless rebutted by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *see also Franklin v. Bradshaw*, 695 F.3d 439, 447 (6th Cir. 2012); *Montgomery v. Bobby*, 654 F.3d 668, 701 (6th Cir. 2011). The state appellate court summarized the facts underlying Baskerville's conviction as follows:

> {¶ 2} On an evening in August 2015, Mr. Baskerville went to the mall with his cousin. While there, he saw an acquaintance, the victim in this matter, and approached him. According to Mr. Baskerville, the victim owed him money and he wanted to speak with the victim regarding their business arrangement. There is no dispute that, while the two spoke, an argument developed, and the victim became increasingly upset. Eventually, the two walked out of the mall together as they continued to argue. The argument ended when Mr. Baskerville removed a knife from his pocket and stabbed the victim once in the side of the neck. The victim then stumbled back into the mall where he died shortly thereafter. According to Mr. Baskerville, he stabbed the victim in self-defense. He admitted, however, that he ran from the scene, disposed of his knife, sanitized his car, burned the clothes he was wearing, and left Ohio. The police apprehended Mr. Baskerville in West Virginia the following month.
>
> {¶ 3} A grand jury indicted Mr. Baskerville on two counts of murder and one count of aggravated murder, felonious assault, and carrying a concealed weapon. The matter proceeded to a jury trial, at the conclusion of which the jury found Mr. Baskerville not guilty of aggravated murder, but guilty of his remaining charges. The trial court sentenced him to fifteen years to life in prison.

*State v. Baskerville*, 91 N.E.3d 340, 2017-Ohio-4050 (Ohio App. 9th Dist. May 31, 2017).

# II. Procedural History

## A. Trial Court Proceedings

In October 2015, a Summit County Grand Jury issued an indictment charging Baskerville with one count of aggravated murder (Count One); two counts of murder in violation of Ohio Rev. Code §§ 2903.02(A) and (B) (Counts Two and Three); one count of felonious assault in

violation of Ohio Rev. Code § 2903.11(A)(1)/(A)(2) (Count Four); and one count of carrying a concealed weapon in violation of Ohio Rev. Code § 2923.12(A)(1). *See* Doc. No. 16-1, Exhs. 2, 20; *State v. Baskerville*, 91 N.E.3d 340, 2017-Ohio-4050 (Ohio App. 9th Dist. May 31, 2017). Baskerville pled not guilty. (Doc. No. 16-1, Exh. 2.)

The case proceeded to jury trial on February 1, 2016. (Doc. No. 16-2.) On February 5, 2016, the jury found Baskerville guilty of both murder charges, felonious assault, and carrying a concealed weapon, but not guilty of aggravated murder. (Doc. No. 16-1, Exhs. 4, 5.)

On February 16, 2016, the state trial court held a sentencing hearing. (Doc. No. 16-1, Exh. 5; Doc. No. 16-10.) The trial court merged the murder and felonious assault charges and the State elected to proceed on the murder charge set forth in Count Two of the indictment. (Doc. No. 16-1, Exh. 5.) Baskerville was sentenced to fifteen years to life on the murder charge and six months imprisonment on the carrying a concealed weapon charge, with both sentences to be served concurrently for an aggregate prison term of fifteen years to life. (*Id*.)

**B.     Direct Appeal**

On March 1, 2016, Baskerville, through counsel, filed a Notice of Appeal to the Ninth District Court of Appeals of Ohio (the "state appellate court). (Doc. No. 16-1, Exh. 6.) In his appellate brief, he raised the following grounds for relief:

I.     The trial court erred in allowing introduction of evidence of other crimes, wrongs or acts to show Mr. Baskerville's character in violation of the Rules of Evidence denying Mr. Baskerville due process and equal protection of law under both the US Constitution and the Ohio Constitution.

II.     The trial court erred when it charged the jury with a confusing and misleading self-defense instruction.

III.     The prosecutor's conduct throughout the trial rose to the level of

3

prosecutorial misconduct and deprived Mr. Baskerville of his right to due process of law and a fair trial in violation of his 5th, 6th and 14th amendment rights under the US Constitution and Article I, section 10 of the Ohio Constitution.

IV.    The trial court erred in admitting into evidence inflammatory, cumulative, and gruesome photographs in violation of Mr. Baskerville's rights to a fair trial as protected by the 5th, 6th, and 14th Amendments to the United States Constitution and Article I, section 10 of the Ohio Constitution.

V.    The trial court erred in allowing prosecutor to continually refer to an inadmissible video and to use the video and information therein for impeachment of the state's own witness.

VI.    The trial court erred in not instructing the jury on the lesser included offenses of involuntary manslaughter, voluntary manslaughter, and aggravated assault as required under the law.

VII.    Mr. Baskerville's murder and felonious assault convictions were against the manifest weight of the evidence and as a result his rights under the 14th Amendment to the US Constitution and Article 1, Section 16 of the Ohio Constitution were violated requiring his conviction on those counts be vacated.

VIII.    Mr. Baskerville's rights pursuant to the 6th and 14th Amendments to the United States Constitution were violated due to ineffective assistance of counsel.

(Doc. No. 16-1, Exh. 7.)  The State filed a Brief in Opposition, to which Baskerville replied.

(Doc. No. 16-1, Exhs. 8, 9.)

On May 31, 2017, the state appellate court affirmed Baskerville's convictions and sentences.  (Doc. No. 16-1, Exh. 10.)  *See also State v. Baskerville*, 91 N.E.3d 340, 2017-Ohio-4050 (Ohio App. 9th Dist. May 31, 2017).

On July 10, 2017, Baskerville filed a *pro se* notice of appeal to the Supreme Court of Ohio.  (Doc. No. 16-1, Exh. 11.)  In his memorandum in support of jurisdiction, Baskerville raised the following propositions of law:

4

I.      It is error for the trial court to allow introduction of evidence of other crimes, wrongs or acts to show Mr. Baskerville's character in violation of the Rules of Evidence denying Mr. Baskerville due process and equal protection of law under both the U.S. Constitution and the Ohio Constitution.

II.     It is error for the trial court to charge the jury with a confusing and misleading self-defense instruction.

III.    The prosecutor's conduct throughout the trial rose to the level of prosecutorial misconduct and deprived Mr. Baskerville of his right to due process of law and a fair trial in violation of his 5th, 6th and 14th Amendment rights under the U.S. Constitution and Article I, Section 10 of the Ohio Constitution.

IV.     It is error for the trial court to admit into evidence inflammatory, cumulative and gruesome photographs in violation of Mr. Baskerville's rights to a fair trial as protected by the 5th, 6th and 14th Amendments to the United States Constitution and Article I, Section 10 of the Ohio Constitution.

V.      It is error for the trial court to allow a prosecutor to continually refer to an inadmissible video and to use the video and information therein for impeachment of the State's own witness.

VI.     It is error for the trial court to not instruct the jury on the lesser included offenses of involuntary manslaughter, voluntary manslaughter and aggravated assault as required under the law.

VII.    Mr. Baskerville's murder and felonious assault convictions were against the manifest weight of the evidence and as a result his rights under the 14th Amendment to the U.S. Constitution and Article I, Section 16 of the Ohio Constitution were violated requiring his conviction on those counts be vacated.

VIII.   Mr. Baskerville's rights pursuant to the 6th and 14th Amendments to the United States Constitution were violated due to ineffective assistance of counsel.

(Doc. No. 16-1, Exh. 12.)

On October 11, 2017, the Supreme Court of Ohio declined to accept jurisdiction of the appeal pursuant to S.Ct. Prac. R. 7.08(B)(4). (Doc. No. 16-1, Exh. 14.)

**C.     App. R. 26(B) Application**

On August 29, 2017, Baskerville, through counsel, filed an Application to Reopen

Appeal Pursuant to Ohio App. R. 26(B).  (Doc. No. 16-1, Exh. 15.)  Baskerville's Application

asserted appellate counsel was ineffective for failing to raise the following arguments:

> I.     Repeated references to the deceased as the "victim" invaded the province of the jury and denied the appellate due process of law and a fair trial as guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution.
>
> II.    The Appellant was denied his right to effective assistance of counsel, as guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution.[1]
>
> III.   The Appellant's right to due process and a fair trial as guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution were violated due to misconduct on the part of the prosecutor.

(*Id.*)  The State filed a brief in opposition.  (Doc. No. 16-1, Exh. 16.)

On November 21, 2017, the state appellate court considered Baskerville's Application

on the merits and denied it.  (Doc. No. 16-1, Exh. 17.)  It does not appear Baskerville appealed

the state appellate court's ruling to the Supreme Court of Ohio.

**D.     Post-Conviction Petition**

Over a year later, on November 27, 2018, Baskerville filed a *pro se* Petition to Vacate or

Set Aside Sentence and Motion for New Trial in the state trial court.  (Doc. No. 16-1, Exh. 18.)

Therein, Baskerville asserted he was entitled to post-conviction relief due to: (1) selective

---

[1] Specifically, Baskerville argued appellate counsel was ineffective for failing to argue that trial counsel was ineffective for failing to (1) object when several witnesses referred to the deceased as "the victim," (2) move for a mistrial on that basis as well as on the basis of prosecutorial misconduct; (3) object to allegedly misleading jury instructions; and (4) request an involuntary manslaughter lesser included offense instruction.  (Doc. No. 16-1, Exh. 15.)

prosecution because a Caucasian defendant who stabbed his roommate to death over fast food was charged with less serious crimes and offered a plea bargain to a lesser offense than Petitioner, an African American; (2) ineffective assistance of counsel for failure to request a jury instruction and pursue evidence consistent with counsel's "Ex Parte Brief" filed on February 8, 2016; and (3) trial counsel's failure to request a change of venue and reselection of jurors. (*Id*.) The State filed a Memorandum in Opposition on December 19, 2018. (Doc. No. 16-1, Exh. 19.)

On February 5, 2019, the state trial court denied Baskerville's Petition as untimely and barred by *res judicata*, as follows:

> Petitions for post-conviction relief are governed by R.C. 2953.21 through R.C. 2953.23. Under these statutes, any defendant who has been convicted of a criminal offense and who claims to have experienced a denial or infringement of his or her constitutional rights (federal or Ohio) may petition the trial court to vacate or set aside the judgment and sentence. R.C. 2953.21(A). A post-conviction proceeding is not an appeal of a criminal conviction; it is a collateral civil attack on the judgment. *State v. Gondor*, 112 Ohio St.3d 377, 2006-Ohio-6679, 860 N.E.2d 77, ¶ 48, citing *State v. Steffen*, 70 Ohio St.3d 399, 410, 639 N.E.2d 67 (1994); R.C. 2953.21(J). When a direct appeal of the judgment of conviction has been taken (as in this case), a petition for post-conviction relief must be filed no later than 365 days "after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction or adjudication." R.C. 2953.21(A)(2). Trial courts lack jurisdiction to consider an untimely petition for post-conviction relief, unless the untimeliness is excused under R.C. 2953.23(A). *State v. Current*, 2d Dist. Champaign No. 2012 CA 33, 2013-Ohio-1921, 2013 WL 1933041, ¶ 16.

> The State contends the Petition is untimely because it was due July 14, 2017 and petitioner failed to demonstrate any of the conditions of R.C. 2953.23(A) apply to excuse his untimely petition. * * *

> Petitioner asserts his untimeliness should be excused because the Caucasian defendant's case occurred after Petitioner's conviction and could not have been discovered during Petitioner's trial. Petitioner claims a new one-year time limitation period began on December 5, 2017, the date the Caucasian defendant was sentenced. **Even if this Court were to accept Petitioner's assertions as true,**

7

**Petitioner has failed to demonstrate by clear and convincing evidence that, but for constitutional error at trial (the Caucasian defendant's unrelated case), no reasonable factfinder would have found Petitioner guilty of the offense of which he was convicted; therefore, the Petition is untimely**.

Petitioner does not address why his untimeliness should be excused for the other factors raised in his Petition. "Unavoidably prevented from discovering" typically means the defendant was unaware of the facts upon which the petition was based and he was unable to discover them through reasonable diligence." *See, e.g., State v. Burton*, 9th Dist. No. 28359, 2017-Ohio-7588, 2017 WL 4078938, ¶ 9. **The issues of counsel's purported failure to: request a jury instruction; pursue evidence in the "Ex Parte Brief" filed by counsel on Petitioner's behalf on February 8, 2016; request a change of venue; and request a reselection of jurors, were all known to Petitioner as they were occurring and could have been raised on direct appeal. The *res judicata* doctrine states, "a final judgment of conviction bars the convicted defendant from raising and litigating in any proceeding, except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial which resulted in that judgment of conviction or on an appeal from that judgment." *State v. Perry*, 10 Ohio St.2d 175, 180, 226 N.E.2d 104 (1967).**

Motions for a new trial pursuant to Crim. R. 33 must be filed within 14 days after the jury renders its verdict. Motions based on newly discovered evidence must be made within 120 days after the verdict. Crim. R. 33(B). An untimely motion based on newly-discovered evidence will not be considered unless the defendant requests leave and shows "by clear and convincing proof that the defendant was unavoidably prevented from the discovery of the evidence upon which he must rely[.]" Crim.R. 33(B); *see also State v. Scheibel*, 55 Ohio St.3d 71, 74, 564 N.E.2d 54 (1990). Petitioner has not requested leave and has not met this burden for a new trial.

Upon review, the Court finds the Petition untimely, and is DISMISSED. Defendant/Petitioner's motion for a new trial is untimely and DENIED.

*See State v. Baskerville*, Summit County Case No. CR-2015-10-3270 (Order dated February 5, 2019).

The state court docket reflects that, on March 1, 2019, Baskerville filed a *pro se* appeal in the state appellate court. *See* Docket Sheet for *State v. Baskerville*, Summit County Case No. CR-2015-10-3270 (Order dated February 5, 2019). This appeal remains pending as of the date

of this Order.

**E.     Federal Habeas Proceedings**

Meanwhile, on September 24, 2018,[2] Baskerville, proceeding *pro se*, filed a Petition for

Writ of Habeas Corpus pursuant to § 2254 in this Court.  (Doc. No. 1.)  Therein, he raises the

following eight grounds for relief:

> I.     Petitioner's due process and equal protection of laws right's to a fair trial under the 14th Amendment of the U.S. Constitution were violated when the trial court instructed the jury with a confusing and misleading self-defense instruction.
>
> **Supporting Facts**: The Court presented faulty, misleading elements on the self-defense instruction in light of the specific facts of this case.  The use of the statement "at fault in creating this situation giving rise to the altercation" without defining "at fault", "situation" or "altercation" in more detail left the jury to believe that if Mr. Baskerville simply started a verbal discussion he was precluded from claiming self-defense.
>
> II.    The Petitioner's due process and equal protection right's to a fair trial under the 14th Amendment of the U.S. Constitution were violated when the trial court did not instruct the jury on the lesser included offenses or Involuntary Manslaughter and Voluntary Manslaughter.  *State v Barnes* 94 Ohio St 3d 21 *Stevenson v. U.S.* 162 U.S. 313.
>
> **Supporting Facts**:  The evidence presented in this case merit instructions on the lesser included offense of Murder thus the failure to provide a lesser included offense of Murder resulted in a fundamentally unfair criminal trial.  Based on the State's argument that Mr. Baskerville was enraged and the evidence that Terrance Rogers threatened Mr. Baskerville and pulled a deadly weapon the jury could have refused his self-defense, believed the death was not purposeful and yet convicted him of either Involuntary Manslaughter or Voluntary Manslaughter for lack of intent, enragement or a sudden passion.

---

[2]Under the mailbox rule, the filing date for a *pro se* petition is the date that a petitioner delivers it to prison authorities.  *See Houston v. Lack*, 487 U.S. 266 (1988).  While the Petition herein did not arrive at the Court for filing until October 1, 2018, Baskerville states that he placed it in the prison mailing system on September 24, 2018.  (Doc. No. 1 at 13.)  Thus, the Court will consider the Petition as filed on September 24, 2018.

III.   Mr. Baskerville was denied due process and equal protection in violation of the 5th and 14th Amendments to the U.S. Constitution because his Murder and Felonious Assault conviction's were against the manifest weight of evidence and would require his conviction on those counts be vacated. *City of Struthers v. Williams*, 2008-Ohio-6637, *Jackson v. Virginia* 443U.S. 307 *In re Winship* 397 U.S. 358.

**Supporting Facts:** The State of Ohio convicted Mr. Baskerville of Murder without providing a scintilla of evidence proving each element of the crime. He was convicted of Murder under the theory that he committed a Felonious Assault. Mr. Baskerville contests that this death is justified because it was done out of fear of death or great bodily harm. The evidence showed the deceased dies from one stab wound with a knife in his hand. Because he was convicted of Murder without any evidence of intent this conviction violated his due process and equal protection of the law.

IV.    The petitioner's due process of law and right's to a fair trial as guaranteed by the 6th and 14th Amendment's to the U.S. Constitution were violated when numerous of witnesses for the State referred to the deceased as "the victim". *State v. Albino* (2011) 130 Conn. App 745, *State v. Nomura* (1995) 79 Haw. 413

**Supporting Facts**: Throughout the trial numerous of witnesses for the State referred to the deceased as the "the victim", that invaded the province of the jury. The defense of self-defense required that jury to determine whether he was justified. The testimony given was the equivalent of the law enforcement officials offering their opinion of guilt. If the jury were to determine that he acted in self-defense then there was no crime and no "victim".

V.     The prosecutor's conduct throughout trial rose to the level of prosecutorial misconduct and deprived Mr. Baskerville of his rights to due process of law and a fair trial in violation of his 5th, 6th and 14th Amendment rights under the U.S. Constitution. *United Sates v. Moore* 495 Fed Appx.680

**Supporting Facts**: (A) After sustained objections the prosecutor repeatedly disregarded the Court's rulings and continued to inject improper comments and questions in front of the jury which were designed to invite the jury to speculate on matters not in evidence

(B) When the Sate did not get the answer it wanted from their own witness the prosecutor continually referred to an inadmissible video statement to try to employ impeachment by prior inconsistent statement as a mere subterfuge

to get before the jury inadmissible evidence.

(C) On cross examination the prosecutor went in depth about Mr. Baskerville's previous crimes and bad acts including pointing out he was once convicted for carrying a gun, although this case involved a stabbing for the sole purpose of showing his propensity for crime and bad character.

VI.     The Petitioner was denied his right to effective assistance of counsel as guaranteed by the 6th and 14th Amendments to the U.S. Constitution by counsel's failure to object or move for mistrial. *Engle v. Issac* 456 U.S. 107.

**Supporting Facts**: (A) Trial counsel failed to object to the Courts confusing and misleading self-defense instruction to the jury. Lack of definition of terms associated with the self-defense instruction allowed for confusion of the jury interpreting the law and also limited the scope of view on appeal.

(B) Counsel failed to object to repeated references to the deceased as the "victim". Counsel's failure to object to such clearly improper conclusory testimony severely prejudiced him in his attempt to establish self-defense.

(C) Petitioner submits that the prosecutor's repeated interjection of improper speculative questions/comments deprived him of a fair trial and trial counsel should have moved for mistrial.

VII.    The Petitioner was denied his right to effective assistance of counsel as guaranteed by the 6th and 14th Amendment's to the U.S. Constitution by counsel's failure to request jury instructions on the lesser included offense of Murder which is Involuntary Manslaughter. *Strickland v. Washington*

**Supporting Facts**: Trial counsel rendered ineffective assistance when he mistakenly believed that the petitioner was precluded from requesting an instruction to the jury of the lesser included offense of Murder which is Involuntary Manslaughter. By doing so the Ninth District Appellate Court found that counsel waived any claim of error by not requesting the instruction even though it may have been upon a mistaken understanding of the law by counsel.

VIII.   Petitioner's due process clause of the 14th Amendment to the U.S. Constitution was violated when the State found him guilty upon insufficient evidence. *Bagby v. Sowders* 894 F.3d 792 *Johnson v. Coyle* 200 F.3d 987 In re Winship 397 U.S. 397 U.S. 358

**Supporting Facts**: The State of Ohio failed to present any evidence that Mr. Baskerville purposely caused the death and knowingly committed Felonious

11

Assault. Further with a lack of intent and no evidence that Mr. Baskerville met all elements for Felonious Assault that offense could not be used as the predicate felony to invoke the felony Murder rule. Because the State failed to present proof beyond a reasonable double of each element his conviction is a miscarriage of justice.

(Doc. No. 1.)

On November 29, 2018, Baskerville filed a Motion for Appointment of Counsel (Doc. No. 9) and Motion for Stay and Abeyance (Doc. No. 10.)  In the latter, Baskerville asked the Court to stay the instant Petition in order to allow him to exhaust the grounds raised in his state court Petition for Post-Conviction Relief.  (Doc. No. 10.)  Respondent opposed Baskerville's Motion to Stay.  (Doc. No. 11.)

Baskerville then filed two Motions to Amend the Petition, on December 26, 2018 and January 4, 2019.  (Doc. Nos. 13, 15.)  In both, Baskerville sought leave to amend the instant Petition to assert the grounds raised in his state court Petition for Post-Conviction Relief.  (*Id.*) Specifically, in the January 4, 2019 Motion to Amend, Baskerville asked to amend his habeas petition to add the following two claims:

1.  Petitioners due process and equal protection of the law right's, under the 5th and 14th Amendments of the United States Constitution, were violated by the State's prosecution for their selective and discriminatory selection of him for prosecution based on his race.

    **Supporting Facts**: Mr. Baskerville was charged with Aggravated Murder, Murder A & B, Felonious Assault.  Prosecution offered him 15 years to life for exchange of a guilty plea to Murder, even though the evidence showed he was not the aggressor and had no intent of committing Murder. In the same court (Judge Rowlands), the same prosecutor (Brian Laprinzi) charged Kendal Schied, a caucasian male, with Murder but dropped his charges to Involuntary Manslaughter and offered him 8 years.  Evidence showed Mr. Scheid told his victim "He would stab him if he touched his food."  Mr. Scheid did follow thru with the threat and was sentenced to 3 years and let out after only serving 9 months in prison.

12

2.    Petitioner was denied his right to effective assistance of counsel as guaranteed by the 6th Amendment of the United States Constitution because his counsel failed to introduce and pursue evidence. Counsel also failed to request a change of venue and a reselection of jurors.

**Supporting Facts**: Counsel filed an Ex-Parte Trial brief two days after trial (February 8, 2016).  It consisted of issues for the courts considerations and should be considered as trial strategy.  Mr. Baskerville's case was very publicized, 24 out of 28 jurors had discussed the case before becoming a juror.  There was only one African American in the jury pool and for personal reasons she wanted off the case. The fact that Mr. Baskerville was put on trial and not one member of the jury selection, besides the one who excluded herself, was of his race denied him a fair trial.

(Doc. No. 15.)  Respondent opposed Baskerville's Motion to Amend.  (Doc. No. 14.)

On January 11, 2019, Respondent filed his Return of Writ.  (Doc. No. 16.)  On February 1, 2019, Baskerville filed Motions to "renew" his previously filed Motions to Amend and for Stay and Abeyance.  (Doc. Nos. 17, 18.)

Shortly thereafter, Baskerville sought an extension of time to file his Traverse, which was granted until March 27, 2019.  (Doc. No. 21; Non-Document Order dated February 26, 2019).

### III. Law and Analysis

**A.    Motions to Amend (Doc. Nos. 13, 15)**

Baskerville seeks leave to amend his Petition to assert the selective prosecution and ineffective assistance of counsel claims raised in his November 2018 post-conviction petition. (Doc. Nos. 13, 15.)  It is well established that Rule 15 of the Federal Rules of Civil Procedure applies to a habeas petitioner's request for leave to amend his petition.  *Mayle v. Felix*, 545 U.S. 644, 655, 125 S.Ct. 2562, 162 L.Ed.2d 582 (2005).  *See also* 28 U.S.C. § 2242 (providing that an application for a writ of habeas corpus "may be amended or supplemented as provided in the rules of procedure applicable to civil actions.");  *Glenn v. Coleman*, 2014 WL 4983661 at * 5

(N.D. Ohio Oct. 6, 2014); *Shank v. Mitchell*, 2013 WL 3208554 at *3 (S.D. Ohio June 24, 2013). Under Rule 15(a), a party may amend his or her pleadings once as a matter of course within twenty-one days after serving it or, if the pleading is one to which a responsive pleading is required, twenty-one days after service of a responsive pleading. Fed. R. Civ. P. 15(a). Otherwise, the party may amend only with the opposing party's written consent or by leave of court, which "shall be freely given when justice so requires." *Id. See also Mayle*, 545 U.S. at 655.

Here, Baskerville filed his Petition on September 24, 2018, and Respondent filed the Return on January 11, 2019. (Doc. Nos. 1, 16.) Baskerville filed his Motions to Amend on December 26, 2018 and on January 4, 2019. (Doc. Nos. 13, 15.) As both of Baskerville's Motions to Amend were filed prior to the Return, Rule 15(a) provides that he may amend his Petition without requiring leave of Court. *See O'Neal v. Warden, Ross Correctional Inst.*, 2011 WL 7025808 at * 1 (S.D. Ohio Dec. 15, 2011) ("Because O'Neal filed his motion to amend within 21 days after service of the responsive pleading, O'Neal may amend his [petition] without requiring leave of Court.") Accordingly, Baskerville's Motions to Amend (Doc. Nos. 13, 15) are granted. The Petition shall be deemed amended to raise the specific grounds enumerated in his January 4, 2019 Motion to Amend. (Doc. No. 15.)

Amendment of Baskerville's Petition, however, creates a "mixed" petition, i.e., a petition that presents both exhausted and unexhausted habeas claims.[3] Before a federal habeas court may

---

[3] Specifically, Baskerville's newly added claims (as set forth in his January 4, 2019 Motion to Amend) were raised for the first time in his November 2018 state court post-conviction petition. That petition was denied by the state trial court on February 5, 2019 as untimely and barred by *res judicata. See State v. Baskerville*, Summit County Court of Common Pleas Case No. CR-2015-10-3270 (Order dated Feb. 5, 2019). Baskerville recently filed a notice

grant relief, a state prisoner must exhaust all available remedies in state court. *See* 28 U.S.C. § 2254(b) and (c); *Castille v. Peoples*, 489 U.S. 346, 349 (1989); *Riggins v. McMackin*, 935 F.2d 790, 793 (6th Cir. 1991). If any state procedures for relief remain available, the petitioner has not exhausted his state remedies. *See Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). The exhaustion requirement is properly satisfied when the highest court in the state in which petitioner was convicted has been given a full and fair opportunity to rule on all of the petitioner's claims. *See Manning v. Alexander*, 912 F.2d 878, 881-83 (6th Cir. 1990).

Generally speaking, a federal district court may not grant a writ of habeas corpus on a "mixed" petition. *Harris v. Lafler*, 553 F.3d 1028, 1031 (6th Cir. 2009). *See also Rockwell v. Yukins*, 217 F.3d 421, 422 (6th Cir. 2000) ("Although [the exhaustion] requirement is not jurisdictional, a petition that includes unexhausted claims will ordinarily not be considered by a federal court absent 'unusual' or 'exceptional' circumstances.") When confronted with a mixed petition containing unexhausted claims, the Sixth Circuit has presented a choice of four options:

> (1) dismiss the mixed petition in its entirety, [*Rhines v. Weber*, 544 U.S. 269, 274 (2005)], 125 S.Ct. 1528; (2) stay the petition and hold it in abeyance while the petitioner returns to state court to raise his unexhausted claims, *id.* at 275, 125 S.Ct. 1528; (3) permit the petitioner to dismiss the unexhausted claims and proceed with the exhausted claims, *id.* at 278, 125 S.Ct. 1528; or (4) ignore the exhaustion requirement altogether and deny the petition on the merits if none of the petitioner's claims has any merit, 28 U.S.C. § 2254(b)(2). *See Rockwell v. Yukins*, 217 F.3d 421, 425 (6th Cir. 2000).

*Harris*, 553 F.3d at 1031–1032. *See also Wagner v. Smith*, 581 F.3d 410, 419 (6th Cir. 2009);

---

of appeal to the state appellate court on March 1, 2019, and his appeal remains pending as of the date of this Order. Thus, these two new claims are unexhausted. Several of the claims set forth in Baskerville's original Petition, however, were raised on direct appeal in both the state appellate court and Ohio Supreme Court and, thus, are exhausted. *See, e.g.*, Grounds One, Two and Three of Petition.

*Patterson v. Bracy,* 2018 WL 3966350 at * 3 (N.D. Ohio July 10, 2018); *Kozic v. Sloan*, 2017

WL 6806261 at * 4-5 (N.D. Ohio Sept. 20, 2017).

Here, Baskerville requests the Court employ the second of the above options; i.e., stay his

Petition and hold it in abeyance while he returns to state court to exhaust his newly added claims.

(Doc. No. 10.)  The Court will address Baskerville's Motion to Stay, below.

**B.      Motion to Stay (Doc. No. 10)**

In *Rhines v. Weber*, 544 U.S. 269, 275 (2005), the Supreme Court recognized that, "as a

result of the interplay between" AEDPA's one-year statute of limitations[4] and the requirement

that petitioners exhaust all available state court remedies, "petitioners who come to federal court

with 'mixed' petitions run the risk of forever losing their opportunity for any federal review of

their unexhausted claims.  If a petitioner files a timely but mixed petition in federal district court,

and the district court dismisses it under *Lundy* after the limitations period has expired, this will

likely mean the termination of any federal review."  Accordingly, the Court determined that, in

the case of a mixed petition, a district court has the discretion to employ a "stay and abeyance"

procedure:

> Under this procedure, rather than dismiss the mixed petition. . . a district court might
> stay the petition and hold it in abeyance while the petitioner returns to state court to
> exhaust his previously unexhausted claims. Once the petitioner exhausts his state
> remedies, the district court will lift the stay and allow the petitioner to proceed in
> federal court.

---

[4] The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2244,
limits the time within which a person in custody pursuant to the judgment of a state court
may file a petition for a federal writ of habeas corpus to one year from "the date on which
the judgment became final or the expiration of the time for seeking such review."  28 U.S.C.
§ 2244(d)(1).

*Id.* at 275-76.

The Court cautioned that "stay and abeyance should be available only in limited circumstances," because it "has the potential to undermine . . . AEDPA's objective of encouraging finality by allowing a petitioner to delay the resolution of the federal proceedings." *Id.* at 277. Accordingly, the Court determined that stay and abeyance is appropriate only where the petitioner can show: (1) good cause for his failure to exhaust; (2) that his unexhausted claims are not "plainly meritless"; and (3) that there is no indication that the petitioner engaged in "intentionally dilatory litigation tactics." *Id.* at 277-78. *See also Wagner*, 581 F.3d at 419. Generally, to show good cause for a failure to exhaust state remedies, a petitioner must show why he failed to use available state remedies timely and appropriately. *See, e.g., Jalowiec v. Bradshaw*, 657 F.3d 293 (6th Cir. 2011) (finding, in the context of procedural default, that the state's concealment of relevant facts, resulting in a failure to raise a claim within the relevant time period, was relevant to showing good cause for a failure to exhaust); *Hodge v. Haeberlin*, 579 F.3d 627 (6th Cir. 2009) (finding a lack of due diligence in discovering relevant facts was relevant to good cause for a failure to timely exhaust claims). Further, in *Rhines*, the Supreme Court opined that a stay should be entered if the unexhausted claim was "potentially meritorious." *Rhines,* 544 U.S. at 278.

Here, the Court finds Baskerville has not demonstrated that he is entitled to a stay to pursue the claims raised in his November 2018 state court post-conviction petition. As noted *supra*, in his post-conviction petition, Baskerville raises the following claims: (1) selective prosecution; (2) ineffective assistance of counsel for failure to request a jury instruction and pursue evidence consistent with counsel's "Ex Parte Brief" filed on February 8, 2016; and

(3) trial counsel's failure to request a change of venue and reselection of jurors. (Doc. No. 16-1, Exh. 18.) With respect to the latter of these two claims, Baskerville has failed to show good cause for failing to exhaust these claims in state court. As the state trial court itself noted, each of these claims are based on the trial record and could have been raised on direct appeal. Baskerville offers no explanation for his failure to do so, nor does he articulate why he otherwise failed to exhaust these claims through a timely petition for post-conviction relief. Thus, the Court finds Baskerville has failed to demonstrate good cause for failing to exhaust these claims.

With regard to Baskerville's selective prosecution claim, this claim appears to be based on a December 2017 newspaper article that discussed the sentencing of Kendal Scheid, who is Caucasian and was apparently sentenced to three years imprisonment after stabbing his roommate. (Doc. No. 15.) Even assuming the factual basis of this particular claim did not become known to Baskerville until December 2017, he offers no explanation for waiting eleven months (until November 2018) to assert this claim in his state court post-conviction petition. Moreover, in addition to failing to show good cause for failing to timely exhaust this claim, Baskerville has not shown that it is potentially meritorious. Indeed, the Court finds that, standing alone, the mere fact that Mr. Scheid was sentenced to a lesser prison term is not sufficient to demonstrate a stay is warranted under the standard set forth in *Rhines, supra.*[5]

---

[5] That is particularly so where there appear to be differences between Baskerville's case and Mr. Scheid's. As Respondent correctly notes, state court records reflect Mr. Scheid was sentenced to three years imprisonment after he pled guilty to involuntary manslaughter. *See State v. Scheid*, Summit County Court of Common Pleas Case No. CR-2016-12-4272 (Journal Entry dated December 5, 2017). Baskerville did not accept a plea, however, and was sentenced after a jury trial.

Accordingly, Baskerville's Motion to Stay (Doc. No. 10) the instant Petition to allow him to exhaust the claims set forth in his November 2018 state court post-conviction petition is denied.[6]

## C.     Motion for Appointment of Counsel (Doc. No. 9)

Finally, Baskerville moves this Court for appointment of counsel. (Doc. No. 9.) The entirety of Baskerville's Motion is as follows:

> Petitioner lacks the skill or knowledge to adequately pursue Petitioner's rights without the assistance of counsel. Counsel is essential to insure that Petitioner's rights are fully litigated and all issues reviewed. Pursuant to 28 USC § 2254, Petitioner has only one opportunity to present his claims for Habeas Corpus relief. Counsel is required to protect Petitioner's constitutional rights. As attested by the Affidavit of Indigency filed, Petitioner is without funds to hire an attorney. Wherefore, Petitioner respectfully request that counsel be appointed.

(*Id.*)

A petitioner in a habeas proceeding generally has no constitutional right to counsel. *See Cobas v. Burgess*, 306 F.3d 441, 444 (6th Cir. 2002). However, an indigent petitioner seeking to vacate or to set aside a death sentence has a statutory right to appointed counsel, as well as expert and investigative services. *See* 18 U.S.C. § 3599(a)(2). Moreover, in both capital and

---

[6] As noted above, when confronted with a mixed petition, a district court may dismiss the petition in its entirety, stay the petition, permit the petitioner to dismiss the unexhausted claims, or ignore the exhaustion requirement and denying the petition on the merits if none of the claims have merit. *See Harris*, 553 F.3d at 1031-1032. Ordinarily, district courts dismiss a mixed petition, unless the expiration of the statute of limitations would bar the claims upon the petitioner's return to federal court. *See Kozic*, 2017 WL 6806261 at * 5. Here, while not deciding the issue, the Court has some concern that dismissal of Baskerville's Petition could potentially pose a statute of limitations problem for him upon his eventual return to federal court. Thus, the Court declines to dismiss Baskerville's Petition in its entirety at this time, particularly in light of the fact that Baskerville has several fully exhausted claims in his Petition that were considered on the merits by the state courts. Once the Traverse is filed and this matter is fully ripe, the Court will consider how to proceed in accordance with *Harris* and *Rockwell, supra*.

non-capital cases, the court must appoint counsel for an indigent petitioner when an evidentiary hearing is required or when necessary for the petitioner's effective utilization of discovery. *See* 28 U.S.C. § 2254 Rule 6(a) (2014). In all other circumstances, the court has considerable discretion in deciding whether to appoint counsel. *See* 28 U.S.C. § 2254(h) ("Appointment of counsel under this section shall be governed by section 3006A of title 18."). 18 U.S.C. § 3006A(a)(2)(B) provides in part:

> Whenever the United States magistrate judge or the court determines that the interests of justice so require, representation may be provided for any financially eligible person who . . . is seeking relief under [§ 2254].

In deciding whether to grant a petitioner's motion for appointment of counsel, a court should consider the following factors: (1) whether the merits of the claim are colorable; (2) the ability of the indigent to investigate crucial facts; (3) whether the nature of the evidence indicates that the truth will more likely be exposed where both sides are represented by counsel; (4) the capability of the indigent to present the case; and (5) the complexity of the legal issues raised by the complaint. *See Oliver v. United States*, 961 F.2d 1339, 1343 (7th Cir. 1992). *See also Roig v. Warden, Grafton Correctional Center*, 2018 WL 4870762 at * 3 (N.D. Ohio Oct. 9, 2018); *Hudson v. Sloan*, 2018 WL 4055615 at * 10 (N.D. Ohio May 11, 2018); *Ruffin v. Lazaroff*, 2016 WL 7974123 at * 16 (N.D. Ohio Nov. 1, 2016).

Here, Baskerville is not seeking to set aside a death sentence in the instant case. Rather, in these federal habeas proceedings, Baskerville is challenging his sentence in *State v. Baskerville*, Summit County Court of Common Pleas Case No. CR-2015-10-3270, to a term of fifteen (15) years to life in prison. (Doc. No. 16-1, Exh. 5.) Moreover, Baskerville does not offer any specific reasons why he believes he is entitled to appointment of counsel. He does not assert

that he labors under disabilities unusual for a *pro se* petitioner; nor do the issues raised in his petition seem unusually complex. The Court recognizes the difficulties that *pro se* litigants face when seeking a writ of habeas corpus. Nevertheless, the court has extremely limited resources to provide attorneys for *pro se* litigants, and it will do so only when exceptional circumstances warrant. As Baskerville has not identified any such exceptional circumstances in this case, his request for appointment of counsel (Doc. No. 9) is denied.

### IV.Conclusion

For the reasons set forth above, Baskerville's Motions to Amend (Doc. Nos. 13, 15) are GRANTED as set forth above. His Motions for Appointment of Counsel (Doc. No. 9) and Stay and Abeyance (Doc. No. 10) are DENIED, and his Motions to "renew" his motions to amend and for stay and abeyance (Doc. Nos. 17, 18) are DENIED AS MOOT.

In his Traverse, Baskerville shall address both the eight habeas claims raised in his original Petition, as well as his two newly added claims as set forth in his January 4, 2019 Motion to Amend. Baskerville shall file his Traverse no later than thirty days from the date of this Order; i.e., by no later than April 12, 2019.

Respondent shall file a response to the Traverse by no later than thirty days from the filing of the Traverse; i.e. , by May 13, 2019. At that time, Respondent shall also supplement the state court record to include any and all filings relating to Baskerville's November 2018 post-conviction petition.

**IT IS SO ORDERED.**

Date: March 12, 2019                    *s/ Jonathan D. Greenberg*
                                        Jonathan D. Greenberg
                                        United States Magistrate Judge