UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Deandre Baskerville, | ) | CASE NO.: 5:18CV2277 |
| | ) | |
| Petitioner, | ) | JUDGE JOHN ADAMS |
| | ) | |
| | ) | |
| | ) | |
| Warden Ed Sheldon, | ) | **MEMORANDUM OF OPINION** |
| | ) | **AND ORDER** |
| Defendant. | ) | |
| | ) | |

This matter appears before the Court on objections to the Report and Recommendation ("R&R") of the Magistrate Judge filed by Petitioner Deandre Baskerville. Upon due consideration, the Court overrules the objections and adopts the R&R's findings and conclusions and incorporates them herein. Therefore, it is ordered that the petition is hereby DENIED, and this matter is hereby DISMISSED.

Where objections are made to a magistrate judge's R&R this Court must:

> must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

Fed. R. Civ. P. 72(b)(3).

The R&R in this matter found that grounds for relief 4, 5A, 5C, 6, and 7 were procedurally

defaulted. Petitioner has not challenged this contention, but he instead contends that he established cause and prejudice to excuse the default. Specifically, Petitioner contends that he could not timely appeal the denial of his motion to reopen his appeal to the Ohio Supreme Court because of issues with the law library in his prison. In rejecting this argument, the R&R noted:

The Ohio Supreme Court did not receive Baskerville's Memorandum in Support of

> Jurisdiction until July 26, 2018 – over six months past the deadline. (Id. at 2.) First, Baskerville fails to provide any evidence or explanation as to why he was unable to complete and mail his appeal before the end of December, especially where, as Respondent points out (Doc. No. 26 at 7), Baskerville had a brief from counsel he could have filed with the Ohio Supreme Court. (Doc. No. 16-1, Ex. 15 at 179-90.) Second, Baskerville fails to provide any evidence or explanation as to what happened after January 2, 2018 that precluded him from timely submitting his appeal. (See Doc. Nos. 1, 1-3, 27.) Third, Baskerville fails to explain what caused the additional six month delay in him sending his paperwork to the Ohio Supreme Court.7 (See Doc. Nos. 1, 1-3, 27.)

Doc. 33 at 23-24.

In his objections, Petitioner does not explain how the absence of the law librarian for several days during his 45-day window to file impeded his ability to timely file his appeal. With respect to the six-month delay, Petitioner effectively asserts that once the appeal was late, it no longer mattered *how* late it was. However, the delay demonstrates Petitioner's lack of diligence and supports the R&R's conclusion that the record does not demonstrate that Petitioner was precluded by external sources from timely filing his notice of appeal. Accordingly, Petitioner has shown no error in the R&R's conclusion that grounds for relief 4, 5A, 5C, 6, and 7 of his petition are procedurally defaulted.

Petitioner seeks to reargue the merits of first ground for relief, but he ignores the resolution of this claim by the R&R. The R&R found that Petitioner had procedurally defaulted this claim because he did not raise a contemporaneous objection during his trial and the state appellate court reviewed his claim only for plain error. Petitioner has raised no argument in his petition or

objections to suggest that there was a cause and prejudice for this default. As such, any objection to the resolution of this ground for relief lacks merit.

Petitioner similarly reargues the merits of his second ground for relief and again ignores the R&R's resolution of this ground. The R&R concluded that Petitioner's arguments surrounding the failure to instruct the jury on lesser included offenses was not cognizable in this federal habeas petition. Petitioner has not raised any factual or legal argument to suggest error in this analysis by the R&R. Accordingly, his objection on this ground lacks merit.

Petitioners third and eighth grounds for relief assert that there was insufficient evidence to find him guilty of murder and felonious assault. The R&R thoroughly reviewed the state court's resolution of this challenge and noted as follows in its own analysis:

> The state appellate court reasonably concluded that Baskerville's convictions were not against the manifest weight of the evidence, which necessarily implied a finding that sufficient evidence supported the convictions.13 *See Nash*, 258 F. App'x at 765. As the state appellate court noted, given the facts, even if the jury believed Baskerville proved he was not at fault and was in imminent danger when he stabbed the victim, the jury reasonably could have concluded that Baskerville violated his duty to retreat or avoid danger by not remaining in the mall or otherwise getting away from the victim. Furthermore, Baskerville admitted to arguing with the victim face to face, undertaking considerable measures to destroy the physical evidence tying him to the stabbing, learning about self-defense while in jail, and stating he would decide whether to tell the truth once he learned what evidence the State had against him.

Doc. 33 at 53-54. While Petitioner continues to assert that the evidence supported his view of self-defense, he has raised no argument to suggest any legal error in the analysis performed by the R&R. This Court similarly concludes that the evidence was sufficient to allow the jury to find that Petitioner acted with the intent to kill and failed to establish all of the elements of self-defense. Petitioner's challenge to this portion of the R&R fails.

Finally, the R&R found that the state court properly determined that any alleged prosecutorial misconduct was harmless. As a result, the R&R found no merit in ground for relief

5B. In his objections, Petitioner maintains his view that the prosecutor's questions surrounding whether a gun was discussed during the altercation was improper. However, he has failed to address the harmless error review done by the state court and approved in the R&R. As the R&R correctly notes, as the witness conceded that he did not know who had mentioned the gun because he was not facing the parties *and* the ultimate manner of death involved was a stabbing, Petitioner cannot demonstrate that the state court erred when in concluded that any alleged misconduct was harmless.

Petitioner's objections lack merit. The R&R is hereby ADOPTED IN WHOLE, and the petition is hereby DENIED.

The Court certifies, pursuant to 28 U.S.C. §1915(A)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability.

This Order is entered pursuant to Federal Rule of Civil Procedure 58.

IT IS SO ORDERED.


March 31, 2022                                      */s/ John R. Adams*
                                                            JUDGE JOHN R. ADAMS
                                                            UNITED STATES DISTRICT JUDGE